IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL STROVER, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. CIV-23-427-D |
| MEARS GROUP, INC., | ) ) ) |
|     Defendant. | ) |

## **ORDER**

Before the Court is Defendant's Motion for Attorney's Fees and Brief in Support [Doc. No. 79]. Plaintiff did not file a response.

On August 6, 2025, this Court issued an Order allowing Jonathan M. Irwin of Glass & Tabor, L.L.P., to withdraw as counsel for Plaintiff [Doc. No. 73]. In that Order, the Court directed Plaintiff to either retain new counsel or file a pro se entry of appearance within 30 days. Plaintiff failed to appear in this matter, either through new counsel or pro se.

On September 15, 2025, the Court issued an Order [Doc. No. 74], directing Plaintiff to show cause within 14 days as to his failure to comply with the Court's previous Order [Doc. No. 73]. The Court cautioned that "Plaintiff's inaction and failure to comply with the August 6, 2025 Order prevent this case from moving forward and may warrant a dismissal without prejudice to refiling." [Doc. No. 74, at 1-2]. Plaintiff failed to respond to the show-cause Order and failed to take any other action in this case. Thereafter, on October 6, 2025, the Court dismissed this action without prejudice [Doc. Nos. 77, 78].

In the present motion, Defendant seeks an award of attorney's fees in the amount of $132,072.00. Citing no specific statute authorizing Defendant to recover attorney's fees, Defendant contends that the Court may exercise its inherent authority to award attorney's fees in this case because Plaintiff acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." [Doc. No. 79, at 3] (citing *Edwards v. Kornfeld Franklin Renegar & Randall, Inc.*, No. CIV-08-851-R, 2010 WL 11508852, at *1 (W.D. Okla. June 9, 2010)). The bad faith exception to the "American rule" is a narrow one. *See United States v. McCall*, 235 F.3d 1211, 1216 (10th Cir. 2000) ("To justify a shifting of fees, this court requires more than merely a finding that a claim was frivolous when brought…. [T]he bad faith exception is drawn very narrowly and may be resorted to only in exceptional cases and for dominating reasons of justice.") (internal quotations and citation omitted).

Upon consideration of the case record, the Court finds that an award of attorney's fees is not warranted under the Court's inherent authority. In support of its motion, Defendant asserts that Plaintiff's counsel's request to withdraw came after summary judgment briefing and after the expiration of all pretrial deadlines, when the scheduling of the trial was imminent. Defense counsel also notes that Plaintiff has seemingly abandoned this litigation, having failed to obtain new counsel or enter his pro se appearance after being ordered to do so. However, nothing in the case record reflects that Plaintiff litigated in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Sterling Energy Ltd. v. Friendly Nat'l Bank*, 744 F.2d 1433, 1435 (10th Cir. 1984); *see also N. Am. Ins. Agency, Inc. v. Bates*, No. CIV-12-544-M, 2015 WL 1566155, at *4 (W.D. Okla. Apr. 8, 2015) (declining to award fees under the Court's inherent authority due to "the manner in which plaintiffs and

their counsel brought and prosecuted their claims, eventually to be dismissed on the day of trial"). And, although a finding of bad faith requires more than determining a plaintiff's claims were frivolous, the Court notes that Plaintiff's claims were not clearly frivolous, as the Court previously denied both parties' motions for summary judgment [Doc. No. 35]. Without more, the Court declines to award attorney's fees to Defendant based on Plaintiff's prior counsel's belated withdrawal and Plaintiff's subsequent abandonment of this litigation.

Although the Court does not award attorney's fees at this time, the Court acknowledges that Defendant may be prejudiced in the event Plaintiff chooses to refile this action. Given that this litigation was in its final stages at the time of Plaintiff's abandonment, the Court finds it appropriate to alleviate such prejudice to Defendant if Plaintiff plans to refile this action. Accordingly, the Court hereby orders that any refiling by Plaintiff will be subject to the following conditions: 1) discovery conducted in this case will be used in the refiled case; and 2) Plaintiff will be required to pay to Defendant any costs and attorney's fees which would be duplicated by the refiling.

For these reasons, Defendant's Motion for Attorney's Fees and Brief in Support [Doc. No. 79] is **DENIED. IT IS FURTHER ORDERED** that any refiling by Plaintiff will be conditioned on the filing restrictions set forth herein.

**IT IS SO ORDERED** this 2nd day of December, 2025.

TIMOTHY D. DeGIUSTI
Chief United States District Judge